IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA DEJESUS JIMENEZ,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:19-CV-1026-G-BH |
| | § | |
| BEAR STEARNS ASSET-BACKED<br>SECURITIES I TRUST 2005-HE11,<br>ASSET-BACKED CERTIFICATES<br>SERIES 2005-HE11,<br>    Defendant. | §<br>§<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings, evidence, and applicable law, *Defendant's Motion for Summary Judgment*, filed August 30, 2019 (doc. 12), should be **GRANTED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 2550 Grafton Avenue, Dallas, Texas 75211 (the Property). (doc. 1-4 at 2.)[2] On April 14, 2005, Maria DeJesus Jimenez (Plaintiff) executed a Texas Home Equity Note (Note) in favor of Argent Mortgage Company, LLC (Argent) for a loan in the principal amount of $50,000.00. (doc. 14-1 at 4-6.) Plaintiff contemporaneously executed a Texas Home Equity Security Instrument (Deed of Trust) that granted a security interest in the Property to Argent to secure repayment under the Note. (*Id.* at 7-25.) Under the terms of the Note and Deed of Trust, Plaintiff would be in default if she failed to timely pay the full amount of each required monthly payment and subject to acceleration of the

---

[1] By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

loan and foreclosure proceedings on the Property. (*Id.* at 5, 19.)

On April 19, 2005, Argent executed an Assignment of Deed of Trust to Mortgage Electronic Registration Systems, Inc. (MERS), which executed an Assignment of Note and Deed of Trust to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed-Certificates, Series 2005-HE11 (Bank of America), on May 21, 2009. (*Id.* at 24-31.) On July 9, 2014, Bank of America executed a Corporate Assignment of Deed of Trust to U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on Behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2005-HE11, Asset-Backed Certificates Series 2005-HE11 (Defendant). (*Id.* at 32-33.) Defendant is the current owner and holder of the Note and the beneficiary of the Deed of Trust. (doc. 11 at 3.) Select Portfolio Servicing, Inc. (Servicer) is the servicer of Plaintiff's mortgage. (docs. 11 at 3;14-1 at 34-46.)

Beginning October 1, 2009, Plaintiff failed to submit her required monthly payments and was held in default. (doc. 14-1 at 2.) On March 12, 2015, Servicer's counsel sent Plaintiff a notice of default (Notice of Default) as required under the Note and Deed of Trust. (*Id*. at 47-49.) The Notice of Default explained that Plaintiff was in default for failure to make required payments, and that the maturity date of the Note and Deed of Trust would be accelerated if the default was not cured within thirty days of the notice. (*Id.* at 49.) Through September 11, 2019, the total amount due on the loan was $80,078.38, with interest and other charges continuing to accrue while in default. (*Id*. at 3, 50.)

On or about April 16, 2018, Defendant obtained an order allowing foreclosure under Rule 736 of the Texas Rules of Civil Procedure against Plaintiff in state court. (doc. 1-4 at 2). On April 1, 2019, Plaintiff filed this suit in state court, which effectively abated the order allowing

foreclosure. (*Id.*)  The petition asserts a claim for breach of contract and seeks direct and consequential damages, attorney's fees, and costs of court.  (*Id.*)  It alleges that Plaintiff "failed to receive the proper notices from defendant and ha[d] not ever received a full and proper accounting from the association properly setting forth the alleged events of default." (*Id.*)

On April 29, 2019, Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)  On June 12, 2019, it filed a counterclaim for an order allowing foreclosure of the Property, and it alternatively asserts a claim for equitable and contractual subrogation. (doc. 11.) Defendant alleges it "is the current owner and holder of the subject note, the current mortgagee for the subject loan and is legally authorized to enforce same," and that Plaintiff defaulted on her payment obligations under the Note and Deed of Trust, and has refused to cure such defaults despite its demands. (*Id.* at 3.) It claims it is entitled to an order authorizing foreclosure and "a judgment authorizing a foreclosure sale to be conducted under the terms of the [Deed of Trust], Texas Property Code §51.002 and applicable law as well as a declaration of its right to foreclose on the Property." (*Id.*)

On August 30, 2019, Defendant moved for summary judgment on Plaintiff's claims against it and on its counterclaim for foreclosure. (doc. 12.)  Plaintiff responded on October 4, 2019 (docs. 18, 19), and Defendant replied on October 16, 2019 (doc. 22).

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiff's claim for breach of contract, and on its request for an order authorizing foreclosure. (*See* doc. 12.)

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[3] Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas*

---

[3] "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

4

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**A.    Plaintiff's Claim**

Defendant first moves for summary judgment on Plaintiff's breach of contract claim. (doc. 13 at 12-15.) It argues that the summary judgment evidence shows that it complied with the notice requirements under the Note and Deed of Trust, and that Plaintiff fails to provide any evidence of a contractual breach. (*Id.*)

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

5

Here, Defendant provides the Note, which includes a provision titled "Notice of Default" that states:

> If I am in default, the Note Holder may send me a written notice by certified mail telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is deposited in the United States mail, postage prepaid and addressed to me at my last known address as shown by the records of the Note Holder. This Note may not be accelerated because of a decrease in market value of [the Property] or because the property owner's default under any indebtedness not evidenced by this Note or the [Deed of Trust].

(doc. 14-1 at 5.)  It also provides the Deed of Trust, which states in relevant part that the "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this [Deed of Trust] . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this [Deed of Trust] and sale of the Property." (*Id.* at 19.)

Defendant points to a Notice of Default that was sent to Plaintiff by certified mail on March 12, 2015. (doc. 14-1 at 2-3, 47-49.)  It stated that she was in default for failing to make the required payments, provided the contact information to obtain the exact sum of the past due amount, explained that the past due amount must be submitted within thirty days of the notice, and stated that failure to make her account current would result in acceleration and potential foreclosure on the Property. (*Id.* at 49.)  By pointing to evidence demonstrating that it complied with the notice requirements under both the Note and Deed of Trust, Defendant has met its summary judgment burden on this claim.  The burden now shifts to Plaintiff to identify evidence raising a genuine issue

6

of material fact regarding whether Defendant failed to provide her with the requisite notices upon default.

Plaintiff does not dispute receiving the Notice of Default, but instead argues that it was "defective" because it did not include "the amount of the default nor a per diem amount through which the borrower could ascertain the amount necessary to bring the loan current." (doc. 19 at 2.) She also argues that she never received "an accounting under the loan documents." (*Id.*) Plaintiff fails to cite to any provision in the Note, Deed of Trust, or other "loan document" obligating Defendant to state "the amount of the default" or "a per diem amount" in any notice, or to provide her an accounting, however. *See Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (explaining that "a plaintiff must identify a specific provision of the contract that was allegedly breached" to avoid dismissal); *see Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011) (dismissing a breach of contract claim on a foreclosure action because plaintiffs "fail[ed] to provide the loan documents that were breached and to indicate which provisions were breached"). Nor does she provide any authority in support of her arguments that "the amount of default" or "a per diem amount" must be stated in a notice of default, and that an accounting had to be provided. *See Anderson*, 477 U.S. at 248 ("the substantive law will identify which facts are material"); *Ragas*, 136 F.3d at 458 (the party opposing summary judgment must identify specific evidence in the record and "articulate the precise manner in which that evidence supports his or her claim"). Plaintiff has failed to identify evidence of record sufficient to show that Defendant breached the Note, Deed of Trust, or any other "loan document" by failing to provide her proper notice of default and an accounting.

Because Plaintiff has failed to meet her burden to show a genuine issue of material fact as

7

to her breach of contract claim, Defendant's motion for summary judgment as to this claim should be granted on this basis.

B.   **Defendant's Counterclaim**

Defendant also moves for summary judgment on its counterclaim for foreclosure on the Property. (doc. 13 at 15-17.) It argues that it is entitled to an order that authorizes foreclosure on the Property under § 51.002 of the Texas Property Code, as well as a declaration of its right to foreclose on the Property. (*Id.* at 15.)

In Texas, a party seeking to foreclose on real property secured by a security instrument with a power of sale has the option either to sell property in a non-judicial foreclosure in accordance with powers expressly granted in a deed of trust, or to bring a judicial foreclosure action. *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 129 n.1 (5th Cir. 1990) and Tex. Prop. Code § 51.002; *see also Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.–Corpus Christi 1996, no writ) (citation omitted) (explaining that a foreclosure sale may be instituted either by a judgment of the court or by a valid exercise of a power contained in a deed of trust); *In re Erickson*, 566 F. App'x at 284 (finding the trustee had a right to pursue judicial foreclosure as a remedy independent of its contractual right to pursue non-judicial foreclosure under the power of sale in the deed of trust). In its pursuit of judicial foreclosure, the party must demonstrate "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.–El Paso 2011, no pet.)). "The court may order judicial foreclosure upon proof 'establishing

the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (per curiam) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)). Prior to foreclosing under a deed of trust, there must also be evidence that notice of default, acceleration, and foreclosure were issued in accordance with Texas statutory requirements. *U.S. Bank Nat. Ass'n. v. Davis*, No. A-13-CV-1090-LY-ML, 2015 WL 3443473, at *5 (W.D. Tex. May 28, 2015), *adopted by* 2015 WL 11545016 (W.D. Tex. July 6, 2015) (citing Tex. Prop. Code § 51.002(b)).

Here, Defendant proffers the Note, the Deed of Trust, the assignments of the Deed of Trust, the Notice of Default, and the amounts currently due under the loan as summary judgment evidence. (*See* doc. 14-1.) These exhibits establish that the Note and Deed of Trust constitute a valid agreement between Plaintiff and Argent for a debt secured by a lien created in the Deed of Trust, and that Plaintiff's failure to make monthly payments as required by these instruments would result in a breach of the loan. (*See id.* at 4-24.) They also show that Argent assigned the original Deed of Trust to MERS in April 2005; MERS assigned the Note and Deed of Trust to Bank of America in May 2009; and Bank of America assigned the Deed of Trust to Defendant in July 2014, the current owner of the Note and Deed of Trust. (S*ee id.* at 26-46.)[4] Defendant has also established that as of September 8, 2019, the accelerated loan balance is $83,882.62, and that additional interest continues to accrue on the outstanding principal balance through and after September 8, 2019, at a rate of $.85 a day for each day the loan remains unpaid. (*Id.* at 3, 54.) Defendant has met its summary judgment burden to show no genuine issue exists as to any material fact on its counterclaim for foreclosure.

---

[4] The summary judgment evidence also establishes that Servicer is a "mortgage servicer" under Texas Property Code § 51.0001 that may administer a foreclosure sale of real property under Texas Property Code § 51.002. *See* Tex. Prop. Code § 51.0025, 51.0001(3), 51.0001(4)(a)-(c).

*See TFHSP*, 2016 WL 2856006, at *3. The burden now shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact regarding whether Defendant is entitled to a foreclosure order on the Property.

Plaintiff does not object to Defendant's evidence, and only reiterates her argument that the Notice of Default is "defective" because it did not include "the amount of the default nor a per diem amount through which the borrower could ascertain the amount necessary to bring the loan current." (doc. 19 at 2.) She fails, however, to identify a Texas statute requiring "the amount of default" or "per diem amount" be stated in a notice of default to the borrower. To conduct a lawful foreclosure in Texas, a mortgagee, including its mortgage servicer, "must strictly satisfy the notice requirements set forth in the deed of trust and prescribed by law." *Gossett v. Fed. Home Loan Mortg. Corp.*, No. CIV.A. H-11-508, 2013 WL 321664, at *5 (S.D. Tex. Jan. 24, 2013) (citation omitted). The Texas Property Code requires the mortgage servicer to provide the debtor with notice of default and to give the debtor an opportunity to cure the default within a minimum of twenty days before notice of sale can be given. *See* Tex. Prop. Code § 51.002(d).[5]

As discussed, the Notice of Default notified Plaintiff of the default, provided information on obtaining the exact amount required to cure the default, and advised her that she had thirty days to cure the default and that if she failed to do so, the mortgage payments would be accelerated. (doc. 14-1 at 49.) The letter was sent to Plaintiff by certified mail. (*Id.*) Further, she received notice of

---

[5]Service is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *See* Tex. Prop. Code § 51.002(e). Courts have concluded that constructive notice, as opposed to actual notice, satisfies the notice requirements. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam).

acceleration of her loan upon the filing Defendant's counterclaim for foreclosure. (*See* doc. 11.)[6] Plaintiff does not dispute that she properly received these notices, failed to make required monthly payments beginning October 1, 2009, and failed to cure the default after receiving these notices. (docs. 11, 14-1 at 47-49.)  The summary judgment evidence does not show any issue of material fact that Defendant had complied with the notice requirements of § 51.002 of the Texas Property Code.

Plaintiff has failed to meet her summary judgment burden to show a genuine issue of material fact on at least one element of Defendant's counterclaim for foreclosure, and Defendant is accordingly entitled to judgment as a matter of law on this counterclaim.[7]

### III.  RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**.  Plaintiff's breach of contract claim should be **DISMISSED with prejudice**, and Defendant's request for an order allowing foreclosure should be **GRANTED**.

**SO RECOMMENDED** on this 6th day of February 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]Defendant's counterclaim states that "[t]o the extent not previously accelerated, the loan obligations have been legally accelerated by the filing of this action seeking judgment authorizing foreclosure." (doc. 11 at 3.)  Under Texas law, "filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration." *Burney v. Citigroup Glob. Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.—Dallas 2008, no pet.); *see also Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438-39 (5th Cir. 2017) ("After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure.") (citing *id.*); *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action.").  Accordingly, Plaintiff received the notice of acceleration when Defendant filed its counterclaim for foreclosure on June 12, 2019.

[7]Because Defendant only moved for summary judgment on its counterclaim for an order authorizing foreclosure, it is unnecessary to consider its alternative claim for equitable and contractual subrogation.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE